# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-359-CBG |
| ) | |
| HELEN KATHERINE FINCHER, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Now before the Court is a Motion to Dismiss Counts Two and Three for Failure to State an Offense (Doc. No. 39) filed on February 11, 2022, by Defendant Helen Katherine Fincher. The Government has filed a Response (Doc. No. 43).

*I. Background*

In the Indictment returned on November 10, 2021, Defendant is charged with the following counts: (1) Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1152; (2) Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii); and (3) Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(j). *See* Indictment (Doc. No. 17) at 1-2.

In her Motion, Defendant seeks dismissal of Counts Two and Three pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure. *See* Def.'s Mot. to

Dismiss Counts Two & Three at 1.[1]  Defendant argues that Counts Two and Three improperly rely upon the murder charge in Count One as a predicate "crime of violence" within the meaning of 18 U.S.C. § 924(c).  *See id.* at 2-10.

The Government responds that Defendant's argument is meritless, citing multiple authorities in support of the proposition that the offense charged in Count One qualifies as a crime of violence under § 924(c).  *See* Gov't's Resp. at 2-5.

II.   *Discussion*

In accordance with Tenth Circuit authority, the Court applies the "categorical approach" to determine whether the Count One offense—Murder in Indian Country in violation of 18 U.S.C. § 1111(a)—qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A).  *United States v. Cravens*, 719 F. App'x 810, 813 (10th Cir. 2017) (citing *United States v. Serafin*, 562 F.3d 1105, 1107-08 (10th Cir. 2009)).[2]  In employing the categorical approach, the Court "looks only to the elements" of the charged crime, rather

---

[1] On February 22, 2022, a Superseding Indictment (Doc. No. 47) charging Defendant was returned.  The original Indictment has not been dismissed; accordingly, both indictments are currently outstanding against Defendant.  *See United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991).  The Superseding Indictment specifies in Count One that Defendant is "a non-Indian" but is otherwise identical to the Indictment.  Defendant has not alleged a deficiency in the Superseding Indictment, but the same reasoning as outlined herein would apply to any such challenge.

[2] The categorical approach is more typically applied to consider prior convictions, rather than pending allegations, and "[a] number of district courts have . . . questioned the use of the categorical approach in § 924(c) cases, at least in the context of a pretrial motion to dismiss."  *Cravens*, 719 F. App'x at 818 (O'Brien, J., concurring) (writing separately "to suggest not using the categorical approach in § 924(c) cases"); *see, e.g.*, *United States v. Stubbs*, No. CR-21-143-JFH, 2021 WL 5507221, at *2-3 (E.D. Okla. Nov. 24, 2021); *United States v. Checora*, 155 F. Supp. 3d 1192, 1195-96 (D. Utah 2015).

than to "the particular facts of the case." *Checora*, 155 F. Supp. 3d at 1195; *accord Cravens*, 719 F. App'x at 813. Whether an offense is a "crime of violence" is a question of law for the Court. *United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014).

Under the pertinent statute, "[m]urder is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). The statute "then sets forth four varieties of first-degree murder"—including the variety relevant in the instant case: murder "'perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing.'" *United States v. Barrett*, 797 F.3d 1207, 1221 (10th Cir. 2015) (quoting 18 U.S.C. § 1111(a)); *see* Indictment at 1.[3]

As relevant here, "[c]rime of violence" is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see Hicks*, Order of Jan. 21, 2022, at 1 & n.1; *see also Stubbs*, 2021 WL 5507221, at *1 & n.2 (applying this § 924(c)(3)(A) "elements clause" definition in considering both §§ 924(c)(1)(A) and 924(j)).

---

[3] Section 1111(a) also sets forth "one variety of second degree murder," stating that "[a]ny other murder is murder in the second degree." *Barrett*, 797 F.3d at 1221 (internal quotation marks omitted). While the Indictment does not explicitly state that the murder charged in Count One is first-degree murder, Count One is consistent with such a charge, specifically alleging that Defendant killed the victim "willfully, deliberately, maliciously, and with premeditation." Indictment at 1. Further, even if the Court were to consider § 1111(a) second-degree murder as the predicate felony, it would agree with those decisions that have found this offense qualifies as a crime of violence under § 924(c)(3)(A). *See, e.g.*, Order of Jan. 21, 2022 (Doc. No. 55) at 3-4, *United States v. Hicks*, No. CR-21-279-BMJ (E.D. Okla.); *United States v. Kepler*, No. CR-20-276-GKF, 2021 WL 4027203, at *5-10 (N.D. Okla. Sept. 3, 2021).

In *Stubbs*, a fellow district judge applied the categorical approach to decide this issue:

> Defendant is charged with violations of 18 U.S.C. §§ 924(c) and 924(j) for use of a firearm while committing the predicate offense of first degree murder. First degree murder requires both malice aforethought and the specific intent to commit an unlawful killing. *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000). A killing is committed with the requisite specific intent if it is "willful, deliberate, malicious and premeditated." 18 U.S.C. § 1111(a).
>
> Having identified the elements of first degree murder, the Court must then determine whether the predicate offense meets the requirements of § 924(c)(3)(A)'s elements clause, defining a crime of violence as a felony that has as "an element" the use, attempted use, or threatened use of physical force against another person. *See Checora*, 155 F. Supp. 3d at 1197. In this context, physical force means force, applied directly or indirectly, that is capable of causing physical pain or injury to the person or property of another. *United States v. Muskett*, 970 F.3d 1233, 1240-41 (10th Cir. 2020).
>
> Section 924(c)(3)(A) only requires "an element" to include the use, attempted use, or threatened use of physical force. 18 U.S.C. § 924(c)(3)(A); *see Checora*, 155 F. Supp. 3d at 1197. Therefore, the Court will consider whether the first element—causing the death—requires the use of physical force. As recognized by the *Checora* Court, "in a murder case, the defendant is charged with some physical conduct that actually kills another person. It is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed." *Id.* The Supreme Court has recognized that it is "impossible to cause bodily injury without applying force in the common-law sense." [*United States v. Castleman*, 572 U.S. 157, 170 (2014).] Similarly, this Court concludes that it is impossible to cause death without applying physical force. *See United States v. Peeples*, 879 F.3d 282, 287 (8th Cir. 2018) ("Because it is impossible to cause bodily injury without force, it would also be impossible to cause death without force."); *see also Checora*, 155 Supp. 3d at 1198 (concluding it is impossible to cause death without applying physical force).

*Stubbs*, 2021 WL 5507221, at *3 (footnotes and citation omitted).

Defendant argues that § 1111(a)'s prohibition on "killing" "extends to homicides that do not necessarily involve the use of violent physical force" and therefore first-degree

4

murder under that statute does not categorically qualify as a crime of violence under § 924(c)(3)(A). Def.'s Mot. at 3. Defendant specifically relies upon that statute's criminalization of killing by "poison" and upon prior, now-overruled case law holding that the use of poison "d[id] not require the use of violent physical force." *Id.* at 4-9; *United States v. Garcia*, 811 F. App'x 472, 477 (10th Cir. 2020). As argued by the Government and addressed in *Stubbs*, the Tenth Circuit has now "definitively rejected the argument that poisoning does not require the use of violent physical force," and the Court declines Defendant's invitation to hold otherwise. *Garcia*, 811 F. App'x at 477 (citing *Castleman*, 572 U.S. 157); *see Stubbs*, 2021 WL 5507221, at *3 & n.5.

The undersigned therefore finds the reasoning of *Stubbs* persuasive and consistent with the guidance available. *See, e.g.*, *Garcia*, 811 F. App'x at 477 (holding that the defendant "failed to show that first-degree murder in violation of [Kansas law] is not a crime of violence as defined in § 924(c)(3)(A)'s elements clause"); *cf. In re Irby*, 858 F.3d 231, 237 (4th Cir. 2017) ("Common sense dictates that murder is categorically a crime of violence under the [elements] clause."). Accordingly, the Court concludes that Count One of the Indictment "is a crime of violence and can properly serve as the predicate offense" for the crimes charged against Defendant in Counts Two and Three. *Stubbs*, 2021 WL 5507221, at *4.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Counts Two and Three for Failure to State an Offense (Doc. No. 39) is DENIED.

IT IS SO ORDERED this 23rd day of March, 2022.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge

6