## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-21-359-CBG** |
| | ) | |
| **HELEN KATHERINE FINCHER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is a Motion to Dismiss Count Two as Multiplicitous (Doc. No. 40) filed on February 11, 2022, by Defendant Helen Katherine Fincher. The Government has filed a Response (Doc. No. 41).

### I.    *Background*

In the Indictment returned on November 10, 2021, Defendant is charged with the following counts: (1) Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1152; (2) Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii); and (3) Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(j). *See* Indictment (Doc. No. 17) at 1-2. All three counts arise from a single shooting incident that occurred on October 6, 2021. *See id.*

A Superseding Indictment was filed on February 22, 2022, alleging the same three counts. *See* Superseding Indictment (Doc. No. 47) at 1-2.[1] This matter is set for jury trial on the Court's April 2022 docket.

II.     *The Double Jeopardy Clause and Multiplicity of a Charging Document*

The Double Jeopardy Clause "protects a defendant 'against cumulative punishments for convictions on the same offense.'" *United States v. Benoit*, 713 F.3d 1, 12 (10th Cir. 2013) (quoting *Ohio v. Johnson*, 467 U.S. 493, 500 (1984)); *see* U.S. Const. amend. V. "The Clause is implicated if two statutes prohibit the same act or transaction, typically because one is a lesser included offense of the other." *Id.* (citing *Rutledge v. United States*, 517 U.S. 292, 297 (1996)). "The defendant bears the burden of proving a claim of double jeopardy." *United States v. Denezpi*, 979 F.3d 777, 781 (10th Cir. 2020) (internal quotation marks omitted).

The related concept of multiplicity "refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997); *see also United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1099 (D.N.M. 2012) ("The issue of multiplicity may . . . arise when the defendant is charged with violations of multiple criminal statutes for the same underlying acts or omissions."). ""[M]ultiplicitous counts which may result in multiplicitous convictions are considered improper because they allow multiple punishments for a single criminal offense." *United*

---

[1] Defendant has not objected to the Superseding Indictment, but the same reasoning as outlined herein would apply to any such challenge. *See* Order of Mar. 23, 2022 (Doc. No. 64) at 2 n.1.

*States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (internal quotation marks omitted). The Tenth Circuit's "jurisprudence establishes that multiplicitous sentences violate the Double Jeopardy Clause." *Id.* (internal quotation marks omitted).

The Tenth Circuit has prescribed the Court's inquiry when an indictment is challenged as multiplicitous:

> A person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not, *see Blockburger v. United States*, 284 U.S. 299, 304 (1932), or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions, *see Garrett v. United States*, 471 U.S. 773, 778 (1985).

*United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000) (parallel citation omitted). Stated differently, "[t]he Double Jeopardy Clause bars multiple punishments for the 'same offense' unless Congress has authorized multiple punishments for that offense." *United States v. Wilson*, 579 F. App'x 338, 348 (6th Cir. 2014).

## III.    *Defendant's Motion*

Citing both the Double Jeopardy Clause and Federal Rule of Criminal Procedure 12(b)(3)(B)(ii), Defendant alleges that dismissal is warranted because the Indictment is multiplicitous—i.e., it "charg[es] the same offense" in both Counts Two and Three. Fed. R. Crim. P. 12(b)(3)(B)(ii). Citing numerous decisions from outside of the Tenth Circuit, Defendant contends that "[a] conviction and sentence for both counts would violate the Double Jeopardy Clause of the Fifth Amendment" and asks that Count Two be dismissed or, alternatively, that the Government be required to elect to proceed on either Count Two or Count Three. *Id.* at 1, 2-5 (citing decisions from the First, Second, Fourth, Fifth, Sixth,

and Ninth Circuits as "h[olding] or indicat[ing] that sentencing for the same conduct under both sections 924(c) and 924(j) violates double jeopardy").

The Government responds that "the Indictment does not allege multiplicitous counts." Gov't Resp. at 4. The Government emphasizes that the crimes charged in Counts Two and Three are separate offenses and present separate elements, although it does not directly dispute that Counts Two and Three would be considered the "same offense" pursuant to *Blockburger*. *See id.* at 3-4. The Government suggests that it is the intention of Congress to allow sentencing under both 18 U.S.C. §§ 924(c) and 924(j) and asserts that, even if the counts are multiplicitous, "the remedy sounds in dismissal of a multiplicitous conviction" rather than pretrial corrective measures. *Id.*

### A. The *Blockburger* Test

As noted above, the starting point in the Court's analysis is to determine whether the crimes are the "same offense" for double jeopardy purposes.

"When the government charges a defendant under separate statutes for the same conduct, the test derived from [*Blockburger*] determines whether the crimes are the 'same offense' for double jeopardy purposes and thus whether the Double Jeopardy Clause was violated." *United States v. Mier-Garces*, 967 F.3d 1003, 1011-12 (10th Cir. 2020) (emphasis, citation, and internal quotation marks omitted). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. "In other words, *Blockburger*'s so-called 'same-elements test . . . inquires whether each offense contains an

4

element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.'" *Mier-Garces*, 967 F.3d at 1012 (omission in original) (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993)). "[T]he *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Benoit*, 713 F.3d at 13 (internal quotation marks omitted).

According to Defendant, "a violation of 18 U.S.C. § 924(c), as alleged in Count Two, is a lesser-included offense of 18 U.S.C. § 924(j), as alleged in Count Three," and they are therefore the "same offense" for purposes of *Blockburger*. Def.'s Mot. to Dismiss Count Two as Multiplicitous at 1; *see United States v. Isabella*, 918 F.3d 816, 847 (10th Cir. 2019) ("Under [the *Blockburger*] test, when one offense is a lesser-included offense of another, the two offenses are the same."); *Brown v. Ohio*, 432 U.S. 161, 169 (1977) ("[T]he Fifth Amendment forbids . . . cumulative punishment for a greater and lesser included offense.").

This Court has previously determined, with respect to an indictment that was materially identical, that these charges were multiplicitous because "18 U.S.C. § 924(c) is a lesser included offense of 18 U.S.C. § 924(j)." Order of Jan. 21, 2022 (Doc. No. 56) at 1, *United States v. Hicks*, No. CR-21-379-BMJ (E.D. Okla.).[2]  Other decisions are in accord:

> Section 924(c) requires proof that the defendant knowingly used or carried a
> firearm during and in relation to a crime of violence.  Section 924(j) requires
> proof of the same, plus that the defendant caused someone's death "in the

---

[2] In *Hicks*, in contrast to here, the Government directly conceded the point to the Court.

course of" the § 924(c) violation.  Every element of § 924(c) is also an
element of § 924(j).  Thus, § 924(c) is a lesser-included offense of § 924(j)—
which means that, for purposes of the Double Jeopardy Clause, § 924(c)
counts as the "same offense" as § 924(j).

*Wilson*, 579 F. App'x at 348; *see, e.g.*, *United States v. Garcia-Ortiz*, 657 F.3d 25, 28 (1st

Cir. 2011); *United States v. Gonzales*, 841 F.3d 339, 356 (5th Cir. 2016).

The Court agrees with Defendant and the cited persuasive authorities that "section

924(c) is a lesser included offense of section 924(j)."  *Garcia-Ortiz*, 657 F.3d at 28.

Further, because "each offense[]" does not "contain[] an element not contained in the

other," "they are the 'same offence'" under *Blockburger*, "and double jeopardy bars

additional punishment."  *Mier-Garces*, 967 F.3d at 1012 (internal quotation marks

omitted); *see also Brown*, 432 U.S. at 168.

### B.  Congressional Intent

Because Counts Two and Three "cover the same criminal behavior, [the Court's]

review is limited to whether Congress intended multiple convictions and sentences under

the statutes."  *Benoit*, 713 F.3d at 12 (internal quotation marks omitted).  "We 'presume

that where two statutory provisions proscribe the same offense, a legislature does not intend

to impose two punishments for that offense.'"  *Id.* (quoting *Rutledge*, 517 U.S. at 297).

"However, this presumption is not controlling if 'there is a clear indication of contrary

legislative intent.'"  *Id.* (quoting *Missouri v. Hunter*, 459 U.S. 359, 367 (1983)).

The "majority view in the courts of appeal" is "that there is insufficient indication

that Congress intended sentences to be imposed under both subsection 924(j) and the lesser

included offense of subsection 924(c) for the same conduct to overcome the *Blockburger*

presumption." *Gonzales*, 841 F.3d at 358; *accord Wilson*, 579 F. App'x at 348 ("[T]here is no indication that Congress authorized multiple punishments for these offenses."); *Garcia-Ortiz*, 657 F.3d at 28 ("Congress could have authorized cumulative punishments for convictions under sections 924(c) and 924(j) had it chosen to do so. But the plain language of section 924(j) indicates no such desire." (citation omitted)). The Government nonetheless suggests that Congress intended to impose two punishments because, in previous decisions, the Tenth Circuit held that § 924(j) was a sentencing enhancement to § 924(c) rather than a separate crime. *See* Gov't's Resp. at 3-4 (citing *Pearson*, 203 F.3d at 1267; *United States v. Battle*, 289 F.3d 661, 669 (10th Cir. 2002)). This suggestion fails because the Tenth Circuit has now expressly overruled this holding to find that violation of § 924(j) constitutes the commission of a "discrete crime." *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1057-1060 (10th Cir. 2018).

The Government, somewhat incongruously, also cites this aspect of *Melgar-Cabrera* to support its view that Counts Two and Three are not multiplicitous. *See* Gov't's Resp. at 4. The fact that § 924(c) and § 924(j) are discrete statutory violations is simply a starting point for the *Blockburger* test, however. The Government does not explain why this holding defeats Defendant's multiplicity argument or offer any other authority to rebut the presumption against multiple punishments.

### C. Multiplicity of Counts Two and Three

In sum, the Court finds that the charges raised in Counts Two and Three are multiplicitous as to Defendant and that, because there is no showing of a clear intent by Congress to authorize multiple punishments, punishment on both of these counts is barred

by the Double Jeopardy Clause. *See Hicks*, Order of Jan. 21, 2022, at 1-2; *Pearson*, 203

F.3d at 1267-68; *Mier-Garces*, 967 F.3d at 1012.

IV.    *Disposition*

The Court's finding of multiplicity does not end the analysis, as multiplicity is "not

fatal to an indictment." *McCullough*, 457 F.3d at 1162 (internal quotation marks omitted).

"A decision of whether to require the prosecution to elect between multiplicitous counts

before trial is within the discretion of the trial court." *Johnson*, 130 F.3d at 1426. "[T]he

government may submit multiplicitous charges to the jury," but "if a defendant is convicted

of both charges, the district court must vacate one of the convictions." *United States v.*

*Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012) (internal quotation marks omitted); *see*

*also United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007) ("Where multiplicitous

convictions are found, the only remedy is to vacate one of the underlying convictions as

well as the sentence based upon it." (omissions and internal quotation marks omitted)).

Defendant argues that the Court should dismiss the lesser-included Count Two or,

alternatively, require the Government to elect between Count Two and Count Three prior

to trial. The Tenth Circuit has noted the potential risks of presentment of multiplicitous

counts to a jury:

> The risk of a trial court not requiring pretrial election is that it may falsely
> suggest to a jury that a defendant has committed not one but several crimes.
> Once such a message is conveyed to the jury, the risk increases that the jury
> will be diverted from a careful analysis of the conduct at issue, and will reach
> a compromise verdict or assume the defendant is guilty on at least some of
> the charges.

*Johnson*, 130 F.3d at 1426 (citation and internal quotation marks omitted).

8

The Government asks that both counts be retained as charged, arguing that the appropriate remedy is the dismissal of a multiplicitous conviction, if necessary, prior to sentencing. *See* Gov't's Resp. at 4 (citing *Frierson*, 698 F.3d at 1267). Indeed, that is the approach recently endorsed by this Court and others. *See, e.g.*, *Hicks*, Order of Jan. 21, 2022, at 2; *United States v. Martin*, No. CR-20-81-RAW, 2020 WL 7029145, at *2 (E.D. Okla. Nov. 30, 2020); Order of May 22, 2020 (Doc. No. 80) at 5-6, *United States v. Redbird*, No. CR-19-347-F (W.D. Okla.).

Having reviewed the parties' contentions, and "given that the concern is with only two counts," the Court concludes that neither dismissal of Count Two nor requiring an election of counts is appropriate at this time. *United States v. Presley*, No. CR-21-49-RAW, 2021 WL 4303494, at *3 (E.D. Okla. Sept. 21, 2021). The Court will permit the Government to attempt to address the multiplicity of Counts Two and Three through the submission of appropriate proposed jury instructions. *See Hicks*, Order of Jan. 21, 2022, at 2 (citing *United States v. Bolt*, 776 F.2d 1463, 1467 (10th Cir. 1985)); *Redbird*, Order of May 22, 2020, at 5.

Upon receipt of the parties' proposed jury instructions, the Court will consider those submissions, as well as additional argument from counsel if appropriate, "before determining whether both counts should go to the jury." *Martin*, 2020 WL 7029145, at *2.

## CONCLUSION

The Court therefore DENIES Defendant's Motion to Dismiss Count Two as Multiplicitous (Doc. No. 40).

IT IS SO ORDERED this 13th day of April, 2022.

CHARLES B. GOODWIN
United States District Judge