# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-359-CBG |
| | ) |
| HELEN KATHERINE FINCHER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is the Government's Motion to Include Additional Witnesses (Doc. No. 104). The Court heard argument from the parties on this Motion on April 18, 2022.

I.    *Background*

On March 1, 2022, the Court set this matter on the April 19, 2022 jury trial docket. *See* Second Am. Sched. Order at 2. That same date, the Court ordered that the parties' witness lists must be filed "no later than 7 days prior to the first day of the scheduled trial docket." *Id.*[1]

On April 12, 2022, both parties filed their witness lists. Defendant's witness list included Cynthia Bartlett, who is Defendant's sister. *See* Def.'s Witness List (Doc. No. 76) at 1. The Government's witness list included: "Representative, Oklahoma Department of Public Safety." Gov't's Witness List (Doc. No. 82) at 1.

---

[1] The parties had been notified of corresponding deadlines twice previously, in the Scheduling Order of November 16, 2021, and the Amended Scheduling Order of December 15, 2021. *See* Doc. Nos. 27, at 2; Doc. No. 33, at 2.

On April 15, 2022, the Government filed the instant Motion, identifying four witnesses it would request to subpoena to testify at trial: Cynthia Bartlett; Felicia Jackson from the Oklahoma Department of Public Safety; Reba Bartlett, who is Defendant's mother; and Angela Avila, Fingerprint Specialist with the Oklahoma State Bureau of Identification. *See* Gov't's Mot. at 2. The Government submits that it wishes to add these witnesses to elicit testimony relevant to the Government's burden to prove Defendant's non-Indian status. The Government further represents that this status element was "directly put . . . at the forefront" by Defendant's April 14, 2022 submission of supplemental proposed jury instructions regarding the required showing for the Government to prove non-Indian status. *See id.* at 1 (citing Doc. No. 90).

Defendant objects to these witnesses being permitted to testify, arguing that she does not have adequate time to prepare for trial due to their late disclosure. Defendant further objects that, as to Ms. Jackson, any testimony as to driver's license reporting and registration lacks foundation and that the record is not clear as to any such operations.

II.     *Discussion*

The Government correctly notes that "there is no constitutional or statutory right to pretrial disclosure of witness lists in noncapital criminal cases." *United States v. Lewis*, 594 F.3d 1270, 1280 (10th Cir. 2010) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). It is within the district court's authority, however, "to order the parties to exchange lists of witnesses before trial." *United States v. Combs*, 267 F.3d 1167, 1178 (10th Cir. 2001). Further, "[e]videntiary rulings are committed to the discretion of the trial court." *United States v. Jones*, 44 F.3d 860, 873 (10th Cir. 1995).

In determining whether exclusion is appropriate, the Court considers three factors: "(1) the reason for the delay in disclosing the witness; (2) whether the delay prejudiced the other party; and (3) the feasibility of curing any prejudice with a continuance." *Combs*, 267 F.3d at 1179. "However, these factors merely guide the district court and do not dictate the bounds of its discretion; the paramount concern is maintaining the integrity of the judicial process itself." *Id.* (internal quotation marks omitted). "For example, even in the absence of prejudice, integrity and scheduling considerations alone may justify suppression of otherwise admissible evidence offered by the delinquent party." *Id.* (alteration and internal quotation marks omitted).

The Government explained at the hearing that the request for these witnesses was prompted by the possibility that another item of evidence (a video that is the subject of a motion to suppress) might not be admitted, as well as Defendant's indication—through the submission of supplemental jury instructions—that she would require the Government to prove the jurisdictional element that she was not an Indian. The Court finds that these reasons, while they do not reflect bad faith on the part of counsel, are "insufficient to justify the delay." *Id.* at 1179 ("[A] court can conclude that a late disclosure was unjustifiable, even if it was not in bad faith."). The Government's burden to prove Defendant's non-Indian status has been a required element since the inception of this case.

As to the second factor, the Court concludes that permitting the Government to add all four of these witnesses, with the trial commencing tomorrow, would result in "significant" "potential prejudice" to Defendant, as she would not have time to "verify"

the details of these witnesses' proposed testimony or sufficiently prepare for cross-examination. *Id.*

Finally, the Court notes that when the possibility of a continuance was addressed at the hearing, defense counsel suggested that they would be constrained to "go ahead" with the trial even assuming unfavorable evidentiary rulings by the Court.

Having considered the parties' arguments and the relevant factors, the Court finds that the Government's request to add Ms. Jackson is proper and does not result in unfair surprise, given that an Oklahoma Department of Public Safety representative already had been identified on the Government's witness list. As to the other three witnesses, however, the Court finds that the Government's tardy request is insufficiently supported and shall be denied. These individuals may not testify at trial as part of the Government's case in chief.[2]

## CONCLUSION

The Government's Motion to Include Additional Witnesses (Doc. No. 104) is therefore GRANTED IN PART and DENIED IN PART as outlined herein.

Defendant's request for a hearing as to Ms. Jackson's proposed testimony prior to her appearance at trial is GRANTED. The Government shall advise the Court as to when it intends to call Ms. Jackson so that a hearing may be held outside the presence of the jury to determine the testimony she would give and whether it is admissible.

---

[2] Cynthia Bartlett was listed as a witness by Defendant. *See* Doc. No. 76, at 1. If Defendant calls Ms. Bartlett to testify, the Government may request that the Court allow cross-examination as to the non-Indian status matters, if they are not raised on direct examination. *See* Fed. R. Evid. 611(b).

IT IS SO ORDERED this 18th day of April, 2022

_____
CHARLES B. GOODWIN
United States District Judge